```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: _____  │
└─────────────────────────┘
```



STATE OF NEW YORK

OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

(212) 416-8558
June 30, 2008

**By Overnight Mail**

Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

## MEMO ENDORSED

Re:   TZ Manor, LLC v. Daines (08 CV 03293)

Dear Judge Karas:

     This office represents defendants Richard F. Daines, M.D., Robert P. Dougherty, Judith R. Mooney, Marybeth Fader, Kevin Mahon, and Alan J. Lawitz, Esq. ("State Defendants") in the above-referenced Section 1983 action, which was recently reassigned to this Court from Judge Crotty. On June 12, 2008, State Defendants timely submitted a pre-motion conference letter to Judge Crotty, extending their time to answer under Judge Crotty's Individual Practice Rules. We now write to renew our request for a pre-motion conference on State Defendants' proposed motion to dismiss all claims against them under rule 12(b)(6) of the Federal Rules of Civil Procedure.

     Plaintiffs brought this Section 1983 action on April 1, 2008, alleging that State Defendants have taken Plaintiffs' property without just compensation and violated their due process rights, and also claiming violations of State law. Since October 2002, Plaintiffs Pondview Corp. and Exchange Authority LLC (and, subsequently, Plaintiff Parkfield Properties, as assignee of Exchange Authority) have owned certain real property in Nyack, New York, which includes a 100-bed proprietary adult home called Tappan Zee Manor. Compl. ¶¶ 25-30. On several occasions since October 2002, Plaintiff TZ Manor, LLC applied to the Department of Health for an operating certificate to operate Tappan Zee Manor. See Compl. ¶¶ 32, 94-98. The Department denied several of TZ Manor's applications, but on May 13, 2008, granted an operating certificate to TZ Manor.

     Plaintiffs claim that in July 2004, the Department appointed Long Hill Alliance Company ("Long Hill") to be the operator of Tappan Zee Manor, after Justice Bergerman of the State Supreme Court issued an order naming Long Hill as the receiver and interim operator of the adult home. Compl. ¶¶ 51-53. In March 2006, the Court terminated the receivership, but the Department continued to license Long Hill to serve as a temporary operator of the Adult Home, although the receivership had ended. Compl. ¶¶ 55, 56, 71. Plaintiffs claim that as a result of these actions: (1) State Defendants have taken their property without just compensation by "forc[ing] Plaintiffs to cede the occupation, operation, revenue and fees of their property to the Long Hill Alliance," Compl. ¶ 2; (2) State Defendants failed to follow State law by conferring operating certificates to

Long Hill after the termination of the receivership; (3) State Defendants unreasonably delayed processing TZ Manor's application for an operating certificate; and (4) State Defendants were unjustly enriched and tortiously interfered with Plaintiffs' contracts. Plaintiffs also bring State law claims against Long Hill. As discussed below, all of Plaintiffs' claims against the State Defendants should be dismissed.

## I.     The Takings Claim Should Be Dismissed

Plaintiffs' takings claim should be dismissed because it is not ripe and because it fails to state a claim as a matter of law. Plaintiffs' takings claim is not ripe because Plaintiffs failed to use the procedures available for obtaining just compensation under State law. Under Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172 (1985) "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." 473 U.S. at 195. It is well-established that in New York, there are two such procedures, neither of which has been used by Plaintiffs. "One [procedure] is to seek compensation through the procedures detailed in the New York State Eminent Domain Procedure Law. The other is to bring a state law action under Article I, Section 7 of the New York State Constitution." Livant v. Clifton, 334 F. Supp. 2d 321, 326 (E.D.N.Y.) (citations omitted), aff'd, 2008 WL 925378 (2d Cir. Apr. 7, 2008); see also Vandor, Inc. v. Militello, 301 F.3d 37 (2d Cir. 2002) (Per curiam) (dismissing a takings claim on ripeness grounds due to plaintiff's failure to first seek compensation via an Article 78 proceeding). Thus Plaintiffs' takings claim is not ripe.

Plaintiffs' takings claim also should be dismissed on the merits. Plaintiffs do not state a takings claims because they voluntarily participate in the highly-regulated adult home industry. Unless a property owner is compelled to engage in a regulated industry, no taking can occur if a government regulatory action reduces the returns the owner expects to receive on his investment in that industry. See, e.g., Garelick v. Sullivan, 987 F.2d 913, 916 (2d Cir. 1993) (holding that no taking occurred where a regulation limited the amounts anesthesiologists could charge Medicaid patients because anesthesiologists voluntarily participated in the Medicaid program); Minn. Ass'n of Health Care Facilities, Inc. v. Minn. Dep't of Pub. Welfare, 742 F.2d 442, 446 (8th Cir. 1984) (finding that no taking occurred where plaintiffs "have freedom to decide whether to remain in business and thus subject themselves voluntarily to limits imposed by Minnesota on the return they obtain . . . ."). Here, no taking occurred because Plaintiffs have chosen to use their property as an adult home, and have always been free, after following the applicable procedure, to close the home and use their property for another purpose. Thus they suffered no taking when the Department granted operating certificates to Long Hill, rather than TZ Manor.

Furthermore, no taking occurred because the State has not taken from Plaintiffs any property interest protected by the Fourteenth or Fifth Amendments. It is axiomatic that to state a takings claim, a plaintiff must show a deprivation of a protectible property interest. Story v. Green, 978 F.2d 60, 62 (2d Cir. 1992). Plaintiffs' claim that the State Defendants deprived them of the "occupation, revenue, and fees" of the adult home by permitting Long Hill to remain as the operator is based on the erroneous assumption that they were entitled to operate TZ Manor by virtue of their ownership of the premises. See, e.g., Compl. ¶ 58 ("By its refusal to turn over the operation of Tappan Zee Manor to Plaintiffs, Defendants have deprived Plaintiffs its [sic] right to the use and enjoyment of its [sic] Adult Home.") But without an operating certificate from the Department, Plaintiffs did not have a protectible property interest in operating TZ Manor as an adult home. See RRI Realty Corp. v. Inc. Vill. of Southampton, 870 F.2d 911, 918-19 (2d Cir. 1989) (holding that a developer did not have a property interest in a permit to renovate a mansion because the defendant had discretion to deny the application for the permit). State law requires that an adult home

operator obtain a operating certificate from the Department of Health, see 18 N.Y.C.R.R. §§ 485.2 (k-l), 485.3(a)(3), 485.5, and the Department has broad discretion in deciding whether to grant an operating certificate, see 18 N.Y.C.R.R. § 485.6 (listing factors the Department must consider when evaluating an application for an operating certificate, including the character and competence of the applicant). Thus, Plaintiffs do not have a valid property interest in an operating certificate.

## II.   The Due Process Claim Should Be Dismissed

Plaintiffs allege that State Defendants' alleged delay in processing their request for an operating certificate is unreasonable. Although not explicitly described as such, this due process claim must be dismissed because Plaintiffs do not have a property interest in an operating certificate, as the Department has ample discretion to deny the certificates under 18 N.Y.C.R.R. § 485.6. RRI Realty Corp, 870 F.2d at 918-19; Percesepe v. N.Y. State Dep't of Labor, No. 94-CV-3005 (JG), 1996 WL 1057165, at *4 (E.D.N.Y.), aff'd, 125 F.3d 844 (2d Cir. 1997). Moreover, Plaintiffs had a due process remedy available to them as they could have brought a mandamus proceeding under CPLR § 7803(1). N.Y. State Nat'l Org. For Women v. Pataki, 261 F.3d 156, 168 (2d Cir. 2001).

## III.   The State Law Claims Should Be Dismissed

Plaintiffs allege that State Defendants have violated State law by licensing Long Hill to serve as an operator of the adult home following the termination of the receivership. See Compl. ¶¶ 80, 85. State Defendants deny that they violated State law, but, in any event, Plaintiff's State law claims must be dismissed because they do not implicate any federal constitutional or statutory right. Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985) ("a violation of state law is not cognizable under § 1983."); Doe v. Conn. Dep't of Child & Youth Servs., 911 F.2d 868, 869 (2d Cir. 1990) (same). Moreover, State Defendants are entitled to qualified immunity on these claims because they have not violated any clearly established federal constitutional or statutory right. Id. Plaintiffs' remaining State law claims should be dismissed because Plaintiffs do not state a valid federal claim. 28 U.S.C § 1367(c)(3).

## IV.   Claims Against Certain State Defendants Should Be Dismissed

The claims against State Defendants should also be dismissed because they were brought against these employees in their official capacities. The Department only accepted service for employees other than the Commissioner of Health upon Plaintiffs' process server's representation that these officials were sued in their official capacities. However, no official capacity suit may be brought against them because Plaintiffs seek only damages, not injunctive relief. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). To the extent the Plaintiffs bring individual capacity claims against these employees (other than the Commissioner of the defunct Department of Social Services, for which the Department may not accept service, and the Commissioner of Health for which the Department accepted service), service was ineffective because the defendants must be served personally.[1] Martin v. N.Y. State Dep't of Men. Hygiene, 588 F.2d 371, 373 (2d Cir. 1978).

Respectfully submitted,

Scott J. Spiegelman (SS 0967)

cc: Sanford F. Young, Esq. (by overnight mail)

*Handwritten note:* The Court will hold a pre-motion conference on July 24, 2008, at 3:00. Defendants' time to answer is stayed until the conference. So ordered. 7/8/08

---

[1] This letter and any ensuing motion are made on behalf of those State Defendants who were properly served, but the grounds for dismissal raised herein should apply to all State Defendants.

3