LAW OFFICES OF
## SANFORD F. YOUNG, P.C.
225 BROADWAY
NEW YORK, NEW YORK 10007
TEL: 212.227.9755
FAX: 212.732.4157

www.nylitigator.com

SANFORD F. YOUNG
(ADMITTED IN NY, NJ & PA)

DENNIS GIACOMO VILELLA

PARALEGALS
JACLYN L. SHULMAN
BARBARA COHEN

OF COUNSEL
STEPHEN N. DRATCH
(ADMITTED IN NY & NJ)

September 4, 2008

The Honorable Kenneth M. Karas, U.S.D.J.
United States District Court
for the Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

V: 914-390-4145
**VIA ECF & FEDERAL EXPRESS**

Re:   **TZ Manor, LLC, et al. v. Richard F. Daines, et al.**
      U.S.D.C.-- S.D.N.Y. Docket No.: 08 Civ. 03293 (KMK)

Dear Judge Karas:

We represent Plaintiffs. This letter is in response to the letter of Scott J. Spiegelman, Assistant Attorney General -- representing State Defendants -- requesting a pre-motion conference. That conference is scheduled for Monday, September 8, 2008 at 10:15 AM. For the reasons set forth below, we submit that the Complaint states valid claims for relief.

### Summary

This 1983 claim for deprivation of Plaintiffs' property interests is unique and unlike any reported cases that we have found. Unlike the cases cited by Mr. Spiegelman, the wrongful conduct by State Defendants -- officials of New York State Department of Health ["DOH"] – is not that they *withheld* some regulatory benefits, license or exemption. It is about their flagrant disobedience of a Supreme Court order terminating the temporary receivership of Long Hill Alliance Company LLC ["Long Hill"], whereby Defendants forced Plaintiffs to cede the continued possession and operation to Long Hill for an additional two years, and "authorized" Long Hill to retain operating revenues (*i.e.*, rents) to pay itself.

### Factual Background

Plaintiffs Pondview and Parkfield are the owners, and TZ Manor the designated operator of property consisting of a 100-bed Adult Home located in Nyack, New York. Plaintiff-owners purchased and acquired title on October 4, 2002 as the winning bidder in an HUD auction (¶32). Thereafter, in a State Supreme Court ejectment action, *Pondview Corp., et al. V. Russand, Inc., et al.* (Westchester County Index No. 0822/03), the Court entered an order dated April 20, 2004 appointing Long Hill (who has a temporary DOH operator's license) as <u>temporary</u> receiver (Complaint ¶¶51-52).[1] By order dated March 3, 2006, the State Supreme Court <u>terminated</u> Long Hill's temporary receivership (Complaint ¶¶55-57).

---

[1] We have had difficulty serving Long Hill. At my direction, they were served via the Secretary of State on August 19, 2008. As of this date, they not yet appeared in this action.

SANFORD F. YOUNG, P.C.

*The Honorable Kenneth M. Karas, U.S.D.J.*  *Re: TZ Manor, LLC v. Richard F. Daines, etc.*
*September 4, 2008*  *Page 2*

In disregard of the Court order terminating Long Hill's receivership, and defiance of Plaintiff's many documented complaints, State Defendants "authorized" Long Hill to remain in possession, continue operating the premises and retain revenues under the purported auspices of the DOH (Complaint ¶¶55-81). As detailed in the Complaint, State Defendants' unlawful actions are well documented. For example, in a June 27, 2007 letter, Alan J. Lawitz, Esq., then Associate Attorney for DOH, admitted that Long Hill's Court appointment had been terminated and that they were acting under the auspices of DOH: "You correctly point out that the receivership of Long Hill... was terminated by the court. Long Hill has been authorized to act as temporary operator pending approval of an application for change of operator" (Complaint ¶66). Mr. Lawitz also admitted that Long Hill's diversion of rents was under DOH auspices: "Long Hill cannot be expected to perform the function of a temporary operator without being paid. In the absence of other arrangements between the parties for payment of its services, the Department [DOH] has no objection to use of portion of operational revenue to pay for its services..." (Complaint ¶67). In a transparent attempt to obscure the import of their flagrant disobedience of the Court order, in his June 27, 2007 letter Mr. Lawitz "requested that the term 'receiver' no longer be applied to Long Hill's operation of Tappan Zee Manor" (Complaint ¶68).

During the time that State Defendants allowed Long Hill to retain control and revenues, Plaintiff TZ Manor had sought its operator's license, which was initially applied for on September 23, 2002, and given approval of Part I on October 3, 2007 (Complaint ¶¶72 & 94). Due to no fault of Plaintiffs, the DOH took almost <u>six years</u>, until it finally approved and issued TZ Manor an operator's license on May 13, 2008 (approximately <u>five weeks</u> after this action was filed).

Nevertheless, for the two years that the State Defendants kept Long Hill in possession (May 3, 2006 to May 13, 2008), State Defendants have unlawfully deprived Plaintiffs of possession and diverted their revenue to Long Hill. In addition to the deprivation of the property and diversion of revenues, Long Hill – at the behest of the DOH -- incurred various expenses and liabilities for which creditors are seeking payment from Plaintiffs as the owners of the property.

### Plaintiffs' Complaint States Valid Claims for Relief

Defendants' arguments for dismissal misstate the nature of the Complaint, as well the availability of other remedies – which do not exist. Contrary to Defendants' authorities and inferences, Plaintiffs' claim is not about regulatory delays and requirements. It is about the fact that the State Defendants flagrantly ignored the Supreme Court order terminating Long Hill's receivership by keeping Long Hill in possession, and facilitating and allowing Long Hill to retain and take operating revenues that belonged to Plaintiffs.

*This Action is Ripe*

Defendants' ripeness argument and citation to *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985) (at 2) confuses the case at bar with cases involving the need to exhaust administrative remedies. Unlike *Williamson*, which involved needed agency approvals for zoning variances and the like, the State Defendants' actions were final and unequivocal, as demonstrated by the exchanges between Plaintiffs and State Defendants and counsel (Complaint ¶¶59-71). Likewise, unlike zoning and land usage cases, where municipalities and states uniformly provide for successive steps for administrative and judicial review, no procedure applies to the uniquely wrongful actions committed by State Defendants. *Cf., Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 516 (1982) ("Based on the legislative histories of both § 1983 and § 1997e, we

SANFORD F. YOUNG, P.C.

*The Honorable Kenneth M. Karas, U.S.D.J.*  Re: *TZ Manor, LLC v. Richard F. Daines, etc.*
*September 4, 2008*  Page 3

conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983").

Defendants' suggestion that Plaintiffs "failed to use the procedures available for obtaining just compensation under State law" (at 2) is equally disingenuous. There is no such procedure. For example, Defendants refer to the State Eminent Domain Procedure Law. However, that Law has no application, as it applies only "the act of vesting of title, right or interest to, real property, by virtue of the condemner's exercise of the power of eminent domain." EDPL §103(A). Clearly, there is nothing in that law that is available to redress the State Defendants wrongful actions. Similarly, Defendants' reference to Article 1, Section 7 of the State Constitution is unavailing. Aside from the two specific subdivisions for "public roads" and "drainage of swamp or agricultural lands" (subds. B & C), subd. A simply provides that "Private property shall not be taken for public use without just compensation." There is no state remedy for obtaining that compensation; and moreover, none is provided in the Social Services Law or DOH regulations. Lastly, Defendants refer to "seek[ing] compensation via an Article 78 Proceeding." However, monetary compensation can only be sought if it is "incidental to the primary relief sought, and must be such as he might otherwise recover... in the Supreme Court..." CPLR 7806. Here, Plaintiffs did not bring an Article 78 proceeding because it was inapplicable, and as of May 2008, totally moot. In any event, as is clear from the CPLR, Article 78 proceedings are not properly brought to recover damages. Indeed, our research found few, if any cases, where damages were awarded in an Article 78. Even if brought, CPLR 7806 begs the question of whether there is any state remedy.

***Regulated or Not, State Defendants Had No Legal Authority***
***To Hand Plaintiffs' Property and Revenues Over to Long Hill***

Defendant's argument with respect to highly regulated businesses and activities is totally beside the point. In each and every one of Defendants' cases, the challenged State activity stemmed from the <u>withholding</u> of some regulatory or administrative benefit, such as a zoning variance, permit or higher fees. See, e.g., *Garelick v. Sullivan*, 987 F.2d 913 (2nd Cir.1993) (physicians' challenge to Medicare rates); *Story v. Green*, 978 F.2d 60 (2nd Cir.1992)(elimination of veteran's entitlement to peddler's licenses); *RRI Realty Corp. v. Incorporated Village of Southampton*, 870 F.2d 911 (2nd Cir.1989)(building permit); *Percesepe v. NYS Dept. of Labor*, 1996 WL 1057165 (E.D.N.Y.)(crane operator's license). In contrast to those cases, Plaintiffs' complaint is not that State Defendants withheld some benefit. Plaintiffs' complaint is that Defendants unlawfully took Plaintiffs' property and handed it over to Long Hill. Moreover, the fact that State Defendants' actions violated the Supreme Court's termination of Long Hill's receivership proves the wrongful and egregious nature of their conduct. <u>Regulated or not, Defendants had no authority to hand over Plaintiffs' property to another party!</u>

***The Lack of Due Process***

In addition to the wrongful deprivation, the State Defendants failed to provide Plaintiffs with any due process. Aside from conducting themselves without providing Plaintiffs with any form of administrative procedure, recourse or "right to be heard," Defendants violated the State Supreme Court's March 3, 2006 Order. If the State felt a compelling interest to continue Long Hill's (or another party's) receivership, they should have intervened and sought judicial relief.

SANFORD F. YOUNG, P.C.

*The Honorable Kenneth M. Karas, U.S.D.J.*  *Re: TZ Manor, LLC v. Richard F. Daines, etc.*
*September 4, 2008*  *Page 4*

### The State Law Claims
Plaintiffs are asserting supplemental jurisdiction for their State law claims.

### The Individual State Defendants
The undersigned does not understand Defendants' argument regarding the service of process upon and official capacities of the State Defendants. Those parties are being sued for wrongful actions exercised under color of State law. To the extent that Defendants' counsel is not accepting service, we respectfully ask that the Court require counsel to specify: (1) for whom her is appearing; (2) for whom process is being challenged (and in what sued capacity); and (3) provide Plaintiffs with the last known residential and business addresses and telephone numbers for those parties for whom counsel is challenging service of process.

Thank you for your consideration.

Respectfully submitted,

Sanford F. Young

cc: Scott J. Spiegelman, Esq. (via fax 212-416-6077)